DAVID M. FISH
COUNSELOR AND ATTORNEY AT LAW
*Attorney for Plaintiff*
500 Fifth Avenue, Suite 5100
New York, New York  10110
(212) 869-1040
    David M. Fish (DF-7606)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARILYN FIGUEROA,

                      Plaintiff,                                05 Civ. 9594 (JGK)

       - against -                                     SECOND AMENDED
                                                                   VERIFIED COMPLAINT
                                                                    and DEMAND FOR
CITY OF NEW YORK and NEW YORK CITY          TRIAL BY JURY
DEPARTMENT OF SANITATION,

                      Defendants.
------------------------------------------------------------------x

Plaintiff Marilyn Figueroa ("Plaintiff"), by and through her attorney, David M. Fish, complaining of Defendants, City of New York and New York City of Sanitation ("Defendants"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.     This action is brought to redress the deprivation of the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000-e *et seq.* ("Title VII"), the Americans with Disabilities Act ("ADA"), and under the Administrative Code of the City of New York.

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1331, the doctrine of pendent jurisdiction, and the above statutory provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission, alleging that the Defendants had engaged in unlawful discriminatory practices relating to her employment. Thereafter, Plaintiff was issued a Right to Sue letter by the EEOC. Plaintiff filed this action within 90 days of her receipt of the Right to Sue letter and has complied in all respects with conditions precedent to bringing this lawsuit.

## PARTIES

5. Plaintiff is a Hispanic female who resides in Dutchess County.

6. Defendants are "employers" within the meaning of Title VII, the ADA, and the Administrative Code of the City of New York.

## RELEVANT FACTS

7. In 1993, Plaintiff was hired by The New York City Department of Sanitation as a sanitation worker.

8. In or about January 2002, Plaintiff learned that she was pregnant and informed Defendants of such soon thereafter.

9. Between January and February 2002, due to complications from her pregnancy, Plaintiff was forced to utilize sick leave.

10. Also as a result of complications with the pregnancy during this period, Plaintiff was told by her physician to perform sedentary work tasks only.

11. Plaintiff twice sought such an accommodation from Borough Chief Wallace Williams ("Williams"), submitting the appropriate medical documentation. However, Williams refused the requested accommodation.

12. Instead of providing Plaintiff with a light duty assignment, Defendant required Plaintiff to continue to perform cleaning duties.

13. Upon information and belief, male employees of the Defendants have routinely and repeatedly been given such "light duty" assignments after requesting them.

14. Because of Defendants' refusal to accommodate Plaintiff, she was forced to miss an unspecified number of work days.

15. Upon information and belief, Defendants suspended Plaintiff for missed time and also used these missed days to deny Plaintiff promotions for which she was qualified.

16. Plaintiff gave birth on August 18, 2002.

17. Plaintiff filed a charge of discrimination based on these and other violations by the Defendants with the New York City Commission on Human Rights in or about October 2002.

18. Upon information and belief, the Defendants were served with a copy of this charge soon after its filing by the Plaintiff.

19. Shortly after receiving notice of this charge, various supervisory employees of the Defendant began to subject Plaintiff to retaliatory actions to which non-complaining and/or male

employees were not subjected, including but not limited to: subjecting Plaintiff to unfair discipline, including suspensions; denying Plaintiff promotions for which she was qualified and denying her transfer requests which were routinely provided to other employees; subjecting Plaintiff to intense and unfair scrutiny, including having Plaintiff's supervisor follow her on her assigned, daily route so that she could be written up for minor infractions; forcing Plaintiff to sign in and out for lunch when no other employees were required to do so; removing Plaintiff from her "steady route" claiming she had worked "out of her zone," while male employees were permitted to do so without losing their steady route; ordering Plaintiff to clean the men's bathroom when the general practice was that each gender would clean its own bathroom facilities; being ordered to pull weeds behind the facility's work site, even though there was a special unit charged with this task and similarly situated male employee were not required to perform this task; and not being provided with a work vehicle routinely provided other workers.

20. Additionally, Defendants failed to address Plaintiff's complaints regarding her personal vehicle being vandalized and about a male co-worker who urinated in Plaintiff's presence.

21. In 2005, Plaintiff was told by a female supervisor that Plaintiff's continued complaints would prevent her from being promoted.

22. In January 2006, Plaintiff sent a letter to the EEOC, outlining and updating Defendants' acts of harassment and retaliation against her, beginning in January 2005.

23. In July 2006, Plaintiff began suffering serious symptoms from anemia.

24. Plaintiff's anemia caused her to feel "light-headed" and feel weak and faint.

25. As a result, Plaintiff's doctor directed her to be on "light-duty" for six months.

26. In December 2006, Plaintiff eventually was hospitalized and had surgery for hemorrhaging from anemia related complications.

27. Upon Plaintiff's return to work after her surgery, Plaintiff continued to ask for a tour of duty that would not require significant travel or rotation of shifts.

28. However, while these accommodations were regularly granted to male employees, her request was denied.

29. In addition, Plaintiff continued to be harassed, including having pornography placed in her work vehicle by male co-workers.

30. In February 2007, Plaintiff was transferred to the "Manhattan 8" Garage, where she was ridiculed, belittled, and encouraged to resign.

31. As one example above the above, at roll call, Superintendent Palmentiero stated that Plaintiff "doesn't know her head from her ass."

32. On August 17, 2007, Plaintiff was demoted from a Garage Supervisor to Sanitation Worker.

33. Today, she continues to be isolated and ignored, and receives intense and unfair scrutiny.

34. As a result of this treatment, Plaintiff has suffered loss of salary, stress, anguish, and humiliation.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Title VII of the Civil Rights Act of 1964 – Sexual Harassment)

35. Plaintiff repeats and realleges the allegations set forth above.

36. By the above discriminatory acts, Defendant has harassed and discriminated against Plaintiff in the terms and conditions of her employment based on her sex, in violation of Title VII of the Civil Rights Act of 1964.

37. By reason of Defendants' actions, Plaintiff was caused to suffer a loss of earnings, in addition to suffering great pain, mental anguish and humiliation, all to her damage.

38. Further, said actions on the part of the Defendants were intentional and willful, giving rise to punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII of the Civil Rights Act of 1964 – Retaliation)

39. Plaintiff repeats and realleges the allegations set forth above.

40. By the above discriminatory acts, Defendants have retaliated against Plaintiff in the terms and conditions of her employment for her filing a charge with the New York City Commission on Human Rights and her internal complaints alleged above, in violation of Title VII of the Civil Rights Act of 1964.

41. By reason of Defendants' actions, Plaintiff was caused to suffer a loss of earnings, in addition to suffering great pain, mental anguish and humiliation, all to her damage.

42. Further, said actions on the part of the Defendants were intentional and willful, giving rise to punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Americans with Disabilities Act – Disability)

43. Plaintiff repeats and realleges the allegations set forth above.

44. By the above discriminatory acts, Defendants have discriminated against Plaintiff in the terms and conditions of her employment based on her disability (high-risk pregnancy, anemia and hemorrhaging), in violation of American with Disabilities Act.

45. By reason of Defendants' actions, Plaintiff was caused to suffer a loss of earnings, in addition to suffering great pain, mental anguish and humiliation, all to her damage.

46. Further, said actions on the part of the Defendants were intentional and willful, giving rise to punitive damages.

### AS AND FOR A FIRST PENDENT STATE LAW CAUSE OF ACTION
### (Administrative Code of the City of New York - Sexual Harassment)

47. Plaintiff repeats and realleges the allegation set forth above.

48. Defendants have intentionally harassed and discriminated against Plaintiff based upon her sex, in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, §9-101 *et seq.*

49. By reason of the Defendants' discrimination against Plaintiff, she has suffered a loss of earnings, in addition to suffering great pain, mental anguish and humiliation, all to her damage.

### AS AND FOR A SECOND PENDENT STATE LAW CAUSE OF ACTION
### (Administrative Code of the City of New York – Retaliation)

50. Plaintiff repeats and realleges the allegations set forth above.

51. Plaintiff states that Defendants retaliated against her in the terms and conditions of her

employment for her filing a charge with the New York City Commission on Human Rights and her internal complaints alleged above, in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, §9-101 *et seq.*, justifying an award of back pay, and compensatory damages for emotional distress against the Defendants in an amount to be determined at trial.

## AS AND FOR A THIRD PENDENT STATE LAW CAUSE OF ACTION
### (Administrative Code of the City of New York – Disability)

52. Plaintiff repeats and realleges the allegation set forth above.

53. Defendants intentionally discriminated against Plaintiff in the terms and conditions of her employment based Plaintiff's disability (high-risk pregnancy, anemia and hemorrhaging), in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, §9-101 *et seq.*

54. By reason of Defendants' discrimination against Plaintiff, she has suffered a loss of earnings, in addition to suffering great pain and mental anguish, all to her damage.

## ATTORNEYS' FEES

55. Plaintiff is entitled to attorneys' fees under 42 U.S.C. § 2000 and the Administrative Code of the City of New York.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment and relief as follows:

    a) An order declaring that Defendants' conduct violated Plaintiff's civil rights;

b) An order awarding Plaintiff back pay, compensatory damages, and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights violations described above;

c) An order awarding Plaintiff punitive damages for Defendants' willful and outrageous conduct in violation of Plaintiff's civil rights;

d) An order awarding Plaintiff the costs of this action, including reasonable attorneys' fees, and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       October 12, 2007

> Respectfully submitted,
> **DAVID M. FISH**
> **COUNSELOR AND ATTORNEY AT LAW**
>
> By: *David Fish*
>     David M. Fish (7606)
> *Attorney for Plaintiff*
> 500 Fifth Avenue, Suite 5100
> New York, New York 10110
> (212) 869-1040

## VERIFICATION

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NEW YORK )

MARILYN FIGUEROA, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the annexed Second Verified Complaint and Demand for Jury Trial, and know the contents thereof, and that said contents are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters therein not stated upon knowledge I believe them to be true.

_Ms. Marilyn Figueroa_
Marilyn Figueroa

Sworn to before me this
15 day of November, 2007

_David Fish_
Notary Public

DAVID FISH
Notary Public State of New York
Reg. No. 02FI6106018
Qualified in County of Queens
Commission Expires Feb. 23, 2011

10