UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARILYN FIGUEROA,

                Plaintiff,

- against -

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF SANITATION,

                Defendants.

---

05 Civ. 9594 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff's counsel has moved to withdraw as counsel and to obtain a retaining lien and a charging lien. The defendant has moved to enforce a purported settlement agreement, but that motion is not yet fully briefed.

    The plaintiff's counsel represents that she cannot represent the plaintiff in opposing the motion because, in good faith, she believes that the plaintiff did in fact agree to settle this case on the terms that the defendant contends constituted the settlement agreement. The plaintiff contends that she did not agree to settle the case. It is plain that the plaintiff's counsel should be permitted to withdraw. The plaintiff's counsel cannot pursue a position which she believes is factually inaccurate. See N.Y. Rules of Prof'l Conduct R. 1.16(b)(4), 1.16(c)(4), 1.16(c)(6), 3.1(a). Moreover, if the Court determines to hold an evidentiary hearing on the motion to

- 1 -

confirm the settlement agreement, the plaintiff's counsel would be a witness and her proposed testimony would be both necessary to the proceeding and substantially likely to be prejudicial to the position that the plaintiff is proposing. This is an independent reason that the plaintiff's counsel should be permitted to withdraw. See N.Y. Rules of Prof'l Conduct R. 3.7.

It is unnecessary to reach the issue of the retaining lien and charging lien at this point. The plaintiff argues that her counsel has forfeited her right to a retaining lien and a charging lien because she is withdrawing simply because the plaintiff has refused to settle. See Marrero v. Christiano, 575 F. Supp. 837, 839 (S.D.N.Y. 1983). However, the plaintiff's counsel contends that there is good cause for her withdrawal, in that the plaintiff is propounding a position that the plaintiff's counsel, in good faith, cannot defend. That would be good cause. See N.Y. Rules of Prof'l Conduct R. 1.16(b)(4), 1.16(c)(4), 1.16(c)(6), 3.1(a). Whether there was an agreement to settle can only be determined after that motion is fully briefed and the defendant is allowed to complete its argument that the parties entered into a binding settlement agreement and that the case is in fact settled. It should also be noted that the final argument in the papers from plaintiff's counsel is that, if the Court determines that the parties did not enter

into a binding settlement agreement, then the plaintiff's counsel is prepared to proceed to trial. The Court also does not have to determine whether that is a permissible position. At this time it is sufficient to find that it is unnecessary to determine whether the plaintiff's counsel is entitled to a retaining lien or a charging lien until after a decision on the defendant's motion to enforce the purported settlement agreement, a motion on which the plaintiff's counsel cannot represent the plaintiff.

Therefore, the motion by the plaintiff's counsel to withdraw is granted. The motion by the plaintiff's counsel for a retaining lien and a charging lien is denied without prejudice to renewal after the decision on the motion to enforce the purported settlement agreement. The plaintiff may oppose the motion to enforce either pro se or by a new attorney. The opposition to the motion to enforce the settlement agreement must be filed by **November 15, 2010**. Any reply must be filed by **November 29, 2010**.

The Clerk is directed to close **Docket No. 82**.

SO ORDERED.

Dated: New York, New York
       October 20, 2010

_____
John G. Koeltl
United States District Judge